UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 24-cv-61176-BLOOM/Elfenbein

GO 770 MANAGEMENT LLC,

    Plaintiff,

v.

MT. HAWLEY INSURANCE COMPANY

    Defendant.
_____/

## ORDER ON MOTION TO TRANSFER VENUE

**THIS CAUSE** is before the Court upon Defendant Mt. Hawley Insurance Company's Motion to Transfer Venue ("Motion"), ECF No. [4]. The Plaintiff Go 770 Management LLC filed a Response, ECF No. [10], to which Defendant filed a Reply, ECF No. [12]. The Court has reviewed the Motion, the supporting and opposing submissions, the record, and is otherwise fully advised. For the reasons that follow, Defendant's Motion is granted.

**I.   BACKGROUND**

This action arises from an insurance coverage dispute regarding a property located at 6097 Rodman Street, Hollywood, Florida 33023 (the "Property"). ECF No. [1-2]. Plaintiffs obtained a commercial insurance policy from Defendant, Policy Number GPK 0018361 (the "Policy") with an effective date of April 16, 2021, to April 16, 2022. *See* ECF No. [1-2] at ¶ 6; ECF No. [4].

On March 29, 2022, "[d]uring the effective period of the insurance policy, Plaintiff's property suffered direct physical damage and loss to [the] insured property." ECF No. [1-2] at ¶ 7. Although Plaintiff made a timely claim for the damage and loss and otherwise complied with its obligations, Defendant purportedly failed to pay the full amount owed to Plaintiff under the Policy. *See id.* at ¶¶ 11-14. Consequently, Plaintiff invoked the appraisal process, and was thereafter

Case No. 24-cv-61176-BLOOM/Elfenbein

awarded $242,275.15. *See* ECF No. [10]. Despite being awarded $242,275.15, Defendant issued a payment based on its own estimate of repairs which amounted to $2,693.99 after applying the deductible and other relevant deductions. *See id.* at 2. Due to Defendant's failure to provide coverage under the Policy and pay the full amount due, Plaintiff filed the instant action on May 29, 2024, in the Circuit Court of the 17th Judicial Circuit in and for Broward County, Florida. ECF No. [1-2]. On July 3, 2024, Defendant removed this case to federal court pursuant to the Court's diversity jurisdiction under 28 U.S.C. § 1332. *See* ECF No. [1].

Defendant then filed the instant Motion seeking to transfer venue to the Southern District of New York. *See* ECF No. [4]. According to Defendant, Plaintiff may not bring this action in the Southern District of Florida because the Policy at issue includes the following mandatory forum selection clause:

> **AA. Jurisdiction and Venue**: It is agreed that in the event of the failure of the Company to pay any amount claimed to be due hereunder, any Named Insured, any additional insured, and any beneficiary hereunder shall submit to the jurisdiction of a court of competent jurisdiction in the State of New York, and shall comply with all the requirements necessary to give such court jurisdiction. Any litigation commenced by any Named Insured, any additional insured, or any beneficiary hereunder against the Company shall be initiated in New York. Nothing in this clause constitutes or should be understood to constitute a waiver of the Company's right to remove an action to a United States District Court.

ECF No. [4] at 78.

Plaintiff opposes the Motion arguing that enforcement of the forum selection clause would contravene public policy and deprive Plaintiff of a remedy. *See* ECF No. [10] at 2.

## II.   LEGAL STANDARD

### A.   Transfer Venue—28 U.S.C. § 1404(a).

The transfer statute, 28 U.S.C. § 1404(a), which embodies a codification and revision of the *forum non conveniens doctrine*, *see Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 253 (1981), provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district

2

court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C § 1404(a). "Congress authorized courts to transfer the venue of a case in order to avoid unnecessary inconvenience to the litigants, witnesses, and the public, and to conserve time, energy, and money." *Cellularvision Tech. & Telecomms., L.P. v. Alltel Corp.*, 508 F. Supp. 2d 1186, 1188-89 (S.D. Fla. 2007) (citing *Mason v. Smithkline Beecham Clinical Lab'ys*, 146 F. Supp. 2d 1355, 1359 (S.D. Fla. 2001)). Indeed, "Section 1404(a) reflects an increased desire to have federal civil suits tried in the federal system at the place called for in the particular case by considerations of convenience and justice." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964). The statute grants broad discretion to the district court to transfer a case. *See Osgood v. Disc. Auto Parts, LLC*, 981 F. Supp. 2d 1259, 1263 (S.D. Fla. 2013) (stating that the "standard for transfer under 28 U.S.C. § 1404(a) leaves much to the broad discretion of the trial court"); *Motorola Mobility, Inc. v. Microsoft Corp.*, 804 F. Supp. 2d 1271, 1275 (S.D. Fla. 2011) ("The Court has broad discretion in determining whether these factors suggest that transfer is appropriate.").

In determining the appropriateness of transfer, courts employ a two-step process. *See Osgood,* 981 F. Supp. 2d at 1263 (citing *Abbate v. Wells Fargo Bank, Nat'l Ass'n*, No. 09-62047-CIV, 2010 WL 3446878, at *4 (S.D. Fla. Aug. 31, 2010)); *Precision Fitness Equip., Inc. v. Nautilus, Inc.,* No. 07-61298-CIV, 2008 WL 2262052, at *1 (S.D. Fla. May 30, 2008). First, the district court is tasked with determining whether the action could have been pursued in the venue to which transfer is sought. *See Osgood,* 981 F. Supp. 2d at 1263 (citing *Abbate,* 2010 WL 3446878, at *4). Regarding this first prong, an action "might have been brought" in any court that has subject-matter jurisdiction, where venue is proper, and where the defendant is amenable to process issuing out of the transferee court. *Windmere Corp. v. Remington Prods., Inc.,* 617 F. Supp. 8, 10 (S.D. Fla. 1985) (citing 15 C. Wright, A. Miller and E. Cooper, Federal Practice and

3

Procedure § 3845 (1976)). "Second, courts assess whether convenience and the interest of justice require transfer to the requested forum." *Osgood*, 981 F. Supp. at 1263 (quoting *Abbate*, 2010 WL 3446878, at *4). In analyzing this second prong, the court applies several factors by weighing various public and private interests:

> (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

*Motorola Mobility,* 804 F. Supp. 2d at 1275–76 (quoting *Meterlogic, Inc. v. Copier Solutions, Inc.*, 185 F. Supp. 2d 1292, 1299 (S.D. Fla. 2002) and citing *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 n. 1 (11th Cir. 2005)). Traditionally, a plaintiff's choice of forum is accorded considerable deference, *In re Ricoh*, 870 F.2d 570, 573 (11th Cir. 1989) (citing *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947)), and, "[u]ltimately, transfer can only be granted where the balance of convenience of the parties strongly favors the defendant." *Steifel Labs., Inc. v. Galderma Labs., Inc.*, 588 F. Supp. 2d 1336, 1339 (S.D. Fla. 2008) (citing *Robinson v. Giarmarco & Bill, P.C.*, 74 F.3d 253, 260 (11th Cir. 1996)). However, when a valid forum selection clause is involved, the transfer analysis "calculus changes." *Atlantic Marine Co. Inc. v. U.S. Dist. Court for Western Dist. Of Texas*, 571 U.S. 49, 62 (2013).

Forum selection clauses provided by contract are "presumptively valid and enforceable" in federal courts. *Krenkel v. Kerzner Intern. Hotels Ltd.*, 579 F.3d 1279, 1281 (11th Cir. 2009); *see P&S Business Machines, Inc. v. Canon USA, Inc.*, 331 F.3d 804, 807 (11th Cir. 2003) (citing *M/S Bremen v. Zapata Off–Shore Co.*, 407 U.S. 1, 15 (1972)). "By enforcing the contractual forum, the Court is not attempting to limit the plaintiff's usual right to choose its forum but is enforcing the forum that the plaintiff has already chosen." *Id.* Therefore, "a valid forum-selection clause [should

be] given controlling weight in all but the most exceptional cases." *Atlantic Marine Co. Inc.*, 571 U.S. at 63 (quoting *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 33 (1988)). The Eleventh Circuit has held a forum selection clause will only be deemed invalid if: (1) "its formation was induced by fraud or overreaching; (2) the plaintiff would be deprived of its day in court because of inconvenience or unfairness; (3) the chosen law would deprive the plaintiff of a remedy; or (4) enforcement of the clause would contravene public policy." *Krenkel*, 579 F.3d at 1281. "The burden is on the party opposing the enforcement of the forum selection clause to show that the contractual forum is sufficiently inconvenient to justify retention of the dispute." *P&S Business Machines*, 331 F.3d at 897 (citing *In re Ricoh Corp.*, 870 F.2d at 573).

Where there is a valid forum selection clause, the venue transfer analysis is circumscribed in three ways. "First, the plaintiff's choice of forum merits no weight." *Atlantic Marine Co. Inc.*, 571 U.S. at 63. "Second, a court evaluating a defendant's § 1404(a) motion to transfer based on a forum-selection clause should not consider arguments about the parties' private interests." *Id.* Therefore, the non-moving party may not rely on arguments claiming the "preselected forum [i]s inconvenient or less convenient for themselves [ ] their witnesses, or for their pursuit of the litigation." *Id.* Third, "when a party bound by a forum-selection clause flouts its contractual obligation and files suit in a different forum, a § 1404(a) transfer of venue will not carry with it the original venue's choice-of-law rules." *Id.*

Given the limited inquiry involved in a transfer analysis when a forum selection clause applies, "forum selection clauses should control except in unusual cases." *Id.*

### III. DISCUSSION

#### A. Validity of the Policy's Forum Selection Clause

Defendant argues the Court should apply the circumscribed transfer analysis because the "Policy's forum selection clause is clearly valid." ECF No. [4] at 7. Defendant asserts there is no

5

basis to conclude that the forum selection clause was induced by fraud or overreaching. Defendant points out that the forum selection clause in question "is part of a full-page endorsement in the Policy with a heading that reads '"SERVICE OF SUIT AND COMMERCIAL PROPERTY CONDITIONS ENDORSEMENT" in bold, all-caps typeface." ECF No. [4] at 7. Thus, there was no surprise or deception involved in the party's agreement to the forum selection clause. Defendant claims Plaintiff will also not be deprived of its day in court, nor will it be deprived of any remedy that would otherwise be available in the Southern District of Florida. If the case is transferred, Plaintiff can pursue its breach of contract claim in the Southern District of New York, and any available remedies will be the same regardless of the forum because the Policy specifically provides that New York law governs the party's agreement. Finally, Defendant contends the forum selection clause is valid as it does not contravene public policy because "parties to a contract may freely select a forum to resolve their contractual disputes." ECF No. [4] at 8.

Plaintiff responds that the Court should hold the forum selection clause invalid because the chosen law would deprive Plaintiff of a remedy and the enforcement of the clause would contravene public policy. *See* ECF No. [10] at 2.

Plaintiff contends that while Florida allows plaintiffs to assert bad faith claims and obtain attorney's fees as a prevailing party, New York does not. ECF No. [10] at 4. Accordingly, Plaintiff would be deprived of fundamental remedies were the Court to enforce the forum selection clause and grant Defendant's transfer of venue. Plaintiff also argues that Florida has a "paramount interest" in protecting insureds, and thus, transferring venue under the circumstances would contravene public policy. *Id.* Moreover, unlike the cases referenced by Defendant, this case is distinguishable because "Defendant already agreed to the binding process of appraisal to determine the amount of the loss pursuant to the Policy." *Id.* at 5. Since Florida has an "overwhelming

preference" for the resolution of conflicts through any extra-judicial means, public policy supports this Court simply affirming the arbitration award as opposed to requiring the parties to fully litigate the case in the New York judicial system. *See id.*

The Policy's Forum Selection Clause is valid and mandatory.[1] "Forum-selection clauses respect 'ancient concepts of freedom of contract.' And like choice-of-law provisions, forum-selection clauses have 'the salutary effect of dispelling any confusion' on the manner for resolving future disputes, thereby slashing the 'time and expense of pretrial motions.'" *Great Lakes Ins. SE v. Raiders Retreat Realty Co., LLC*, 601 U.S. 65, 71–72 (2024) (internal citation omitted) (quoting *M/S Bremen*, 407 U. S. at 11; *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 593–594 (1991)). Consequently, a court will only hold a forum selection clause invalid where "(1) its formation was induced by fraud or overreaching; (2) the plaintiff would be deprived of its day in court because of inconvenience or unfairness; (3) the chosen law would deprive the plaintiff of a remedy; or (4) enforcement of the clause would contravene public policy." *Krenkel*, 579 F.3d at 1281.

Plaintiff does not contend that the forum selection clause was induced by fraud or that it would be deprived of its day in court if the Court were to transfer the case to the Southern District of New York.[2] Plaintiff limits its challenge to two arguments: (1) that enforcement of the Policy's

---

[1] Plaintiff does not dispute Defendant's contention that the language in the forum selection clause is mandatory. *See* ECF No. [4] at 2; *see generally* ECF No. [10]. Therefore, because the Court has found the forum selection to be valid, the instant action may only be litigated in New York so long as the public interest factors do not overwhelmingly favor transfer. *See Loeffelholz v. Ascension Health Inc.*, 34 F. Supp. 3d 1187, 1190 (M.D. Fla. 2014) (explaining that a mandatory forum selection clause "dictates an exclusive forum for litigation under the contract.") (quoting *Emerald Grande, Inc. v. Junkin*, 334 Fed. App'x. 973, 975 (11th Cir. 2009).

[2] To the extent Plaintiff's discussion of the private convenience factors is an implicit argument that Plaintiff will be deprived of its day in court if the Court ultimately transfers the case, the Court rejects the argument. While it may be more convenient for Plaintiff to litigate the case in Florida rather than New York, such difficulties were foreseeable at the time of contracting and Plaintiff makes no argument that it would be "for all practical purposes *deprived of [his] day in court*" were the case to be transferred. *Rucker v. Oasis Legal Finance, L.L.C.*, 632 F.3d 1231, 1237 (11th Cir. 2011) (emphasis in the original).

forum selection clause will deprive Plaintiff of remedies; and (2) enforcement of the forum selection clause would contravene public policy.

Regarding Plaintiff's first argument, the Court is unpersuaded that Plaintiff would be deprived of an adequate remedy were the Court to transfer this case to the Southern District of New York. In addition to the forum selection clause, the Policy provides a choice of law provision which explicitly states that "[a]ll matters arising hereunder including questions related to the validity, interpretation, performance and enforcement of this Policy shall be determined in accordance with the law and practice of the State of New York[.]" ECF No. [4-1] at 78. "A district court sitting in diversity applies the choice-of-law rules of the state which it sits; in this case, Florida." *Inetianbor v. CashCall, Inc.*, Case No. 13-60066-CIV, 2015 WL 11438191, at *2 (S.D. Fla. June 29, 2015). "Under Florida law, contractual choice-of-law provisions are presumptively enforceable" and Plaintiff makes no argument that the choice of law provision at issue here is invalid. *Id.* (citing *Default Proof Credit Card Sys., Inc. v. Friedland*, 992 So. 2d 442, 444 (Fla. 3d DCA 2008)). Accordingly, because there is no basis for invalidating the choice of law provision, New York law applies. Since New York law governs this contract dispute regardless of the venue, "the remedy will be determined under the same set of rules no matter where this case is heard." *Rucker v. Oasis Legal Finance*, L.L.C., 623 F.3d 1231, 1237 (11th Cir. 2011). As such, the potential deprivation of a remedy is not a basis to preclude enforcement of the Policy's forum selection clause. *See id.*

Assuming arguendo the Policy's choice of law provision was unenforceable and Florida law would govern if the Court denied transfer, Plaintiff's lack of remedy argument still fails. Plaintiff argues that it would be deprived of a remedy if the case were transferred because New York does not provide a bad faith cause of action or statutory attorney's fees to a prevailing party.

However, Plaintiff's inability to bring a bad faith claim under New York law is irrelevant as Plaintiff has not brought a bad faith claim in this case. Indeed, the only claim asserted in the Complaint is a breach of contract—a cause of action available in every state jurisdiction in the country. *See* ECF No. [1-2]. The Court may not invalidate a forum selection clause based on the mere possibility that Plaintiff may elect to add additional claims during the course of litigation, given the strong presumption against invalidating the parties' contractually agreed forum selection.

The inability to recover attorney's fees is also an insufficient basis to conclude that Plaintiff will be deprived a remedy if the case is transferred and litigated under New York law. "As the Eleventh Circuit has stated, '[w]e will not invalidate choice clauses ... simply because the remedies available in the contractually chosen forum are less favorable than those available in the courts of the United States.'" *Smith v. Mt. Hawley Insurance Co.*, Case No: 8:22-cv-1386-CEH-TGW, 2022 WL 16856418, at *5 (M.D. Fla. Nov. 10, 2022) (quoting *Lipcon v. Underwriters at Lloyd's, London*, 148 F.3d 1285, 1297 (11th Cir. 1998)). "Only remedies that are 'so wholly inadequate that enforcement of the forum selection clause would be fundamentally unfair' render a chosen forum inadequate." *Lebedinsky v. MSC, S.A.*, 789 F. App'x 196, 203 (11th Cir. 2019) (quoting *Lipcon*, 148 F.3d at 1297). A forum will be considered adequate so long as the forum "provides for litigation of the subject matter of the dispute and potentially offers redress for plaintiff's injuries." *King v. Cessna Aircraft Co.*, 562 F.3d 1374, 1382 (11th Cir. 2001). Here, Plaintiff will still be able to obtain a remedy for its breach of contract claim in New York. Although Plaintiff may not be able to obtain attorney's fees that might be available under Florida law,[3] that fact alone

---

[3] The Court also questions the validity of Plaintiff's assertion that it will be deprived of the ability to recover attorney's fees if this case is transferred to New York and litigated under New York law. While prior to March 2023, a prevailing party in an insurance dispute between the insurer and insured could recover attorney's fees under Florida law, the Florida legislature has since repealed that statutory remedy. *See* FL. ST. § 627.428 (repeal effective Mar. 23, 2023). Additionally, New York, like Florida, allows a prevailing party to recover attorney's fees where the losing party's attorney knew the claims or defenses were not

does not render Plaintiff's remedy so inadequate as to invalidate the Policy's forum selection clause. *See Gordon v. Sandals Resort Int'l, Ltd.*, 418 F. Supp. 3d 1132, 1139 (S.D. Fla. 2019) (noting that "the possibility of Plaintiff being deprived of some relief is not sufficient to find that the [ ] forum is inadequate.") (quoting *Lisa S.A. v. Gutierrez Mayorga*, 441 F. Supp. 2d 1233, 1238 (S.D. Fla. 2006)).

Plaintiff's argument that the forum selection clause contravenes public policy similarly fails to pass muster. The Eleventh Circuit has explained "the delicate and undefined power of courts to declare a contract [or contract provision] void as contravening public policy should be exercised with great caution, and only in cases free from substantial doubt." *Davis v. Oasis Legal Finance Operating Co.*, LLC, 936 F.3d 1174, 1178 (11th Cir. 2019). Florida has no affirmative policy against forum selection clauses, and Plaintiff does not argue that there any exceptions in the limited context of insurance contracts. *See American Safety Cas. Ins. Co. v. Mijares Holding Co., LLC*, 76 So. 3d 1089, 1091 (Fla. 3d DCA 2011) ("Florida courts have long recognized that '[f]orum selection clauses are presumptively valid.'") (quoting *Corsec, S.L. v. VMC Int'l Franchising, LLC*, 909 So. 2d 945, 947 (Fla. 3d DCA 2005)); *Benefit Ass'n Int'l, Inc. v. Mount Sinai Comprehensive Cancer Ctr.*, 816 So. 2d 164, 169 (Fla. 3d DCA 2002) (holding "mandatory forum selection clauses should be enforced absent a showing that enforcement would be unreasonable or unjust," and ultimately concluding the forum selection clause in the insurance contract did not contravene public policy). Plaintiff merely contends that "Florida has a strong public policy interest in protecting its insured from inequitable insurance contracts." ECF No. [10] at 4. As the court in *Smith v. Mt. Hawley Insurance Company* explained, the fact that Florida has a strong public policy

---

supported by martial facts or by the application of the then-existing law or was taken for the purposes of unreasonable delay. *See* FL. ST. § 57.105; 22 NY ADC 130-1.1; *Mosab Const. Corp. v. Prospect Park Yeshiva, Inc.*, 2 N.Y.S. 3d 197, 199 (2015). Therefore, the Court is unsure what statutory attorney's fees Plaintiff would be able to obtain in Florida but unable to recover in New York.

"to level the playing field between insured and insurers" merely shows that "Florida is a more favorable forum" for Plaintiff to litigate claims, not that Florida has a public policy against contractually agreed forum selection clauses. 2022 WL 16856418, at *6. Therefore, the Court finds that the Policy's forum selection clause does not contravene public policy.[4] Consequently, the forum selection clause is valid.

### B. The Circumscribed 1404(a) factors Do Not Counsel Against Transfer of Venue

Because the forum selection clause is valid, the Court analyzes the circumscribed transfer analysis outlined in *Atlantic Marine Const. Co. Inc. v. U.S. Dist. Court for Western Dist. Of Texas*. Under the modified analysis, the Court considers only the relevant public interest factors and whether an adequate alternative forum exists.[5] *See PainTEQ, LLC v. Omnia Med., LLC*, No. 8:20-CV-2805-VMC-AAS, 2021 WL 1193259, at *4 (M.D. Fla. Mar. 30, 2021) ("What remains under this modified analysis, then, is (1) whether an adequate alternative forum is available, and (2) whether the public interest factors weigh in favor of dismissal.") (citing *Essex Global Capital, LLC v. Purchasing Solutions International, Inc.*, Case No.: 17-61657-CIV-GAYLES, 2017 WL 4868801, at *3 (S.D. Fla. 2017)).

---

[4] Plaintiff's argument that this case is distinguishable because there is already an appraisal award is also without merit. New York has just as much of an interest in resolving cases through extrajudicial means as Florida does. *See SR Int'l Bus. Ins. Co. v. World Trade Ctr. Properties, LLC.*, No. 01 CIV. 9291(MBM), 2004 WL 2979790, at *3 (S.D.N.Y. Dec. 1, 2004) ("New York public policy favors an appraisal proceeding over a trial on damages."); *Wu v. Uber Techs., Inc.*, 186 N.Y.S.3d 500, 515 (N.Y. Sup. Ct. 2022) ("New York policy similarly favors arbitration, viewing it as a means of 'conserving the time and resources of the courts and the contracting parties.'") (quoting *Am. Int'l Specialty Lines Ins. Co. v. Allied Capital Corp.*, 35 N.Y. 3d 64, 70 (2020) (additional level of quotations and citations omitted)); *Irizarry v. Hayes*, 121 N.Y. S. 3d 845 (N.Y. Sup. Ct. 2020) ("New York courts should look favorably on any form of mediation — even the pre-litigation mediation-attorney scrivener format such as occurred in this instance — as an alternative to litigation."). Therefore, a transfer of venue will have no effect on whether the Court confirms the appraisal award or whether this case will require additional litigation.

[5] Since the Court is not permitted to consider private interests factors once a forum selection clause is deemed valid, the Court need not consider Plaintiff's arguments that litigation in Florida would be "far more convenient." ECF No. [10] at 3.

Case No. 24-cv-61176-BLOOM/Elfenbein

As the Court has already determined, New York is an adequate forum to transfer this case. "An alternative forum is adequate if it provides for litigation of the subject matter of the dispute and potentially offers redress for plaintiffs' injuries." *King v. Cessna Aircraft Co.*, 562 F.3d 1374, 1382 (11th Cir. 2009). Because New York does provide for litigation of a breach of contract claim and potentially offers redress for such a claim, the Southern District of New York is an adequate alternative forum.

Since there is an adequate forum, the Court analyzes whether the public interest counsels against transfer. The relevant "[p]ublic-interest factors include 'the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; [and] the interest in having the trial of a diversity case in a forum that is at home with the law." *Atlantic Marine Const. Co. Inc.*, 571 U.S. at 62 n. 6. (quoting *Piper Aircraft Co.*, 454 U.S. 235, 241, n. 6). While Florida has an interest in deciding a contract dispute involving a Florida property, the remaining public interest factors are either neutral or weigh in favor of transfer. Plaintiff offers no evidence that the Southern District of New York is too congested to handle this case. As such, this factor is neutral at best. *See P&S Business Machines, Inc v. Canon USA, Inc.*, 331 F.3d 804, 808 (11th Cir. 2003) (citing *Jumara v. State Farm Ins*. Co., 55 F.3d 873, 882-83 (3d Cir. 1995) (mandating transfer to venue specified in forum selection clause and noting, among other factors, there was no evidence of an appreciable difference in docket congestion between the two forums)). As for the interest in having a diversity case in a forum that is at home with the law, this factor favors the Southern District of New York. Since New York law governs this dispute, it is more appropriate for a federal court in New York to hear the case as it will be more familiar with the applicable New York law than a federal court sitting in Florida. *See Food Mktg. Consultants, Inc. v. Sesame Workshop*, Case No. 09-6177-CIV, 2010 WL 1571206, at *10 (S.D.

Fla. Mar. 26, 2010) ("While this Court is capable of construing New York law, federal courts in New York engage in that exercise with far greater frequency and, thus, can fairly be expected to have developed some expertise in that area."). Therefore, since the public interest factors do not "'overwhelmingly disfavor' litigating the case in the forum set by the forum selection clause," Plaintiff has failed to carry its burden to defeat the proposed transfer. *Ideal Protein of America, Inc.*, 2019 WL 2358832, at *6 (quoting *Atlantic Marine Const. Co.*, 571 U.S. at 67) ("As the party acting in violation of the forum-selection clause, J–Crew must bear the burden of showing that public-interest factors overwhelmingly disfavor a transfer.")). As such, Defendant's Motion to transfer venue to the Southern District of New York is granted.

IV.   **CONCLUSION**

Accordingly, it is **ORDERED AND ADJUDGED** that:

1. Defendant Mt. Hawley Insurance Company's Motion, **ECF No. [4]**, is **GRANTED.**

2. This case shall be **TRANSFERRED** to the **United States District Court for the Southern District of New York.**

3. The above-styled action is administratively **CLOSED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on October 25, 2024.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record